IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANKOOK TIRE AMERICA CORPORATION | § § § | |
| *vs.* | § § | C. A. NO. H – 09 – 3886 |
| CARRIER TRANSPORT, INC. | § § | |

## ***ORIGINAL COMPLAINT***

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Hankook Tire America Corporation files this Original Complaint against Defendant Carrier Transport, Inc. and respectfully will prove by a preponderance of the credible evidence:

1. Plaintiff seeks to recover monetary damages for the in–transit loss to its containerized cargo of automobile tires to have been carried over the road safely in Houston in February 2007. At all times material, Plaintiff owned that cargo and/or brings this action for itself and/or as agent and/or trustee for each person or entity that is or becomes interested in it.

2. The Court has original jurisdiction under 28 U.S.C. §1337(a) and 49 U.S.C. §14706 because the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs.

3. Venue is proper under 49 U.S.C. §14706(d)(1) because, at all times material, Defendant acted as a delivering carrier and this is a district through which it operated.

4. Plaintiff is a New Jersey corporation with its principal place of business in Wayne, New Jersey.

5. Defendant is a Texas corporation with its principal place of business in Katy, Texas. At all times material, Defendant engaged in business in Texas by handling and storing containerized cargos, and carrying containerized cargos over the road in international, interstate and intrastate commerce in, to and from places in Texas. Defendant can be served by its registered agent, Wai Fan, 22754 Shannon Falls Court, Katy, Texas 77494.

6. On or about February 1, 2007, Defendant received the cargo in good order and condition at the BNSF rail ramp in Houston. At or before that time, Defendant had promised to Plaintiff or for its benefit safely to receive, handle, stow, secure, carry over the road and deliver to Plaintiff's consignee in Houston the cargo in the same good order and condition as when received, in consideration of paid charges. Defendant acknowledged receipt of the cargo, free of exceptions or other notations for damage or shortage.

7. Thereafter, Defendant wholly failed to deliver the cargo or explain its whereabouts. The non–delivery and loss proximately resulted from Defendant's act(s) and/or omission(s) constituting failure and/or refusal to comply with

Plaintiff's express and/or implied instructions, conversion, negligence, breach of contract, material breach of contract, fundamental breach of contract, material deviation from contract, unreasonable deviation from contract, breach of bailment, willful misconduct and/or violation of the statutory and/or regulatory duties of a common and/or private carrier of goods for hire.

8.   Plaintiff cannot more specifically allege Defendant's acts and/or omissions.  Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendant's control.

9.   Plaintiff legally is entitled to recover from Defendant the amount of the cargo's actual loss.  The sum of $52,388.35 plus all reasonable and necessary incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the actual loss to the cargo proximately resulting from Defendant's acts and/or omissions.  Plaintiff also legally is entitled to recover interest on its damages dating from February 1, 2007, post–judgment interest and court costs incurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hankook Tire America Corporation prays that this Honorable Court adjudge that Defendant Carrier Transport, Inc. is liable to Plaintiff for its damages as alleged, pre–

judgment interest dating from February 1, 2007, court costs and all other relief as justice and equity allow.

          Respectfully submitted,

          *SHARPE & OLIVER, L.L.P.*

By _____
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

          ATTORNEYS   FOR   PLAINTIFF

*PLEASE SERVE:*

**Carrier Transport, Inc.**
By Serving its Registered Agent,
Wai Fan
22754 Shannon Falls Court
Katy, Texas 77494