IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANKOOK TIRE AMERICA CORPORATION | § § § § § § § | |
| vs. | | C. A. NO. H – 09 – 3886 |
| CARRIER TRANSPORT, INC. | | |

# *FED.R.CIV.P. 26(f) JOINT REPORT*

TO THE HONORABLE MELINDA HARMON:

Plaintiff Hankook Tire America Corporation and Defendant Carrier Transport, Inc., having met pursuant to Fed.R.Civ.P. 26(f), file this Report of that Meeting and Discovery/Case Management Plan:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **On March 25, 2010 at 10:00 a.m. by telephone conference.**

   **Sharpe & Oliver, L.L.P.**
   **550 Westcott, Suite 230**
   **Houston, Texas 77007**
   **Robert C. Oliver, Attorney for Plaintiff**

> **Tekell, Book, Matthews & Limmer, L.L.P.**
> **1221 McKinney Street, Suite 4300**
> **Houston, Texas 77010–2010**
> **Clark Edgecomb, Attorney for Defendant**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. Specify the allegation of federal jurisdiction.

   **The Court has original jurisdiction of this action under 28 U.S.C. § 1337(a) and 49 U.S.C. §14706.**

4. Name the parties who disagree and the reasons.

   **Defendant disagrees because it asserts that there is no separate domestic bill of lading.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None.**

6. List anticipated interventions.

   **None.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **All parties have agreed to make initial disclosures on or before April 20, 2010.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      i. **Presently, the parties do not believe any changes should be made in the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a) or the Local Rules. The parties shall make initial disclosures required by Fed.R.Civ.P. 26(a)(1) on or before April 20, 2010.**

      ii. **The parties presently believe that the subjects on which discovery may be needed include the nature and cause of damages to cargo, if any, the substance of any expert testimony and the measure of Plaintiff's damages, if any.**

      iii. **The parties presently do not believe any changes should be made in the limitations on discovery imposed under these rules or by local rule, except as otherwise stated herein.**

      iv. **The parties presently do not believe the Court should enter any orders pursuant to Fed.R.Civ.P. 26(c), 16(b) and 16(c), other than a Scheduling Order.**

B.  When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiff anticipates sending interrogatories to Defendant by May 20, 2010, if at all.**

C.  When and to whom the defendant anticipates it may send interrogatories.

   **Defendant anticipates sending interrogatories to Plaintiff by May 20, 2010, if at all.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

   **Plaintiff may depose Defendant's employees, officers, representatives, contractors, agents, surveyors and experts by December 5, 2010.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

   **Defendant may depose Plaintiff's employees, officers, representatives, contractors, agents, surveyors and experts by December 5, 2010.**

F.  List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26 (a)(2)(B)(expert report).

   **Plaintiff shall be able to depose designated experts as required under Rule 26(a)(2)(B) by December 5, 2010.**

G.  List expert depositions the defendant anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   **Defendant shall be able to depose designated experts as required by Rule 26(a)(2)(B) by December 5, 2010.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **All parties agree to the discovery plan.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

12. State the date the planned discovery can reasonably be completed.

    **By December 5, 2010.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties presently believe that a settlement within the next 5 months is possible, but claim investigation still is in a preliminary stage.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **All parties, through respective counsel, have discussed the possibility of settlement and which liability and damages issues presently are disputed.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **The parties believe mediation before a mediator proficient with inland cargo cases may prove useful, only if they are unable to settle this case.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties presently do not consent to trial before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

    **Defendant timely demanded a jury.**

18. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiff's case:**     **4 hours**
    **Defendant's case:**    **8 hours**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

20. List other motions pending.

    **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEYS FOR PLAINTIFF:**

**Robert C. Oliver**
**State Bar No. 15255700**
**S. D. Texas No. 886**
**R. M. Sharpe, Jr.**
**State Bar No. 18129000**
**S. D. Texas No. 889**
**Sharpe & Oliver, L.L.P.**
**550 Westcott, Suite 230**
**Houston, Texas 77007**
**Telephone: (713) 864–2221**

**ATTORNEYS FOR DEFENDANT:**

**Gregory A. Holloway**
**State Bar No. 24000502**
**Clark Edgecomb**
**State Bar No. 24032031**
**S. D. Texas No. 31659**
**Tekell, Book, Matthews & Limmer, L.L.P.**
**1221 McKinney Street, Suite 4300**
**Houston, Texas 77010–2010**
**Telephone: (713) 222–9542**

WHEREFORE, having convened a meeting on March 25, 2010 under Fed.R.Civ.P. 26(f), the parties respectfully request that the Court accept and approve this Fed.R.Civ.P. 26(f) Report.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF

*TEKELL, BOOK, MATTHEWS & LIMMER, L.L.P.*

\*\* By /s/ Robert L. _____
Gregory A. Holloway
State Bar No. 24000502
Clark Edgecomb
State Bar No. 24032031
S. D. Texas No. 31659
1221 McKinney Street, Suite 4300
Houston, Texas 77010–2010
Telephone: (713) 222–9542
Facsimile: (713) 655–7727

ATTORNEYS FOR DEFENDANT

*\*\* Signed by Permission*

### Certificate of Service

I served this Fed.R.Civ.P. 26(f) Report upon Defendant by its counsel of record by CM/ECF on March 26, 2010.

/s/ Robert C. Oliver
_____
Robert C. Oliver

9